IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WINFRED F. NICHOLSON,       ) | |
| )| |
| Plaintiff,         ) | |
| ) | |
| v.                        ) | Civil Case No. 1:20-cv-1333 (RDA/TCB) |
| ) | |
| UNIFY FINANCIAL CREDIT UNION, ) | |
| ) | |
| Defendant.        ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant UNIFY Financial Credit Union's Motion to Dismiss ("Motion"). Dkt. 12. Considering the Motion together with Defendant's Memorandum in Support (Dkt. 13); Plaintiff Winfred F. Nicholson's Opposition (Dkt. 19); and Defendant's Reply (Dkt. 22), it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 12) is GRANTED and this case is DISMISSED WITH PREJUDICE.

I. BACKGROUND

Plaintiff, proceeding in this matter *pro se*, generally alleges that Defendant, a banking institution where Plaintiff held a bank account, wrongfully surrendered the contents of his bank account to the Internal Revenue Service ("IRS"). *See generally* Dkt. 1. Plaintiff asserts several claims against Defendant relating to the surrender of his bank account, including a breach of fiduciary duty, violations of various Internal Revenue Code provisions and regulations, and violations of several constitutional rights. *Id*. at 3-6. Plaintiff's Complaint also attaches the Notice of Levy letter received by Defendant from the IRS, which directed Defendant to surrender Plaintiff's bank account, as well as a letter Defendant sent to Plaintiff notifying him of its obligation to send the contents of the account to the IRS. *Id*. at 7-11.

Defendant now seeks dismissal of this case with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 12. Defendant argues that Plaintiff's Complaint should be dismissed because it was obligated to comply with the IRS Notice of Levy, and because it did comply, is "discharged from any obligation or liability" to Plaintiff pursuant to 26 U.S.C. § 6332(e). Plaintiff's opposition[1] (Dkt. 19) makes numerous arguments and contains several references to various Department of Treasury regulations and provisions of the tax code, but the gravamen of Plaintiff's argument appears to be that Defendant's surrender of his bank account to the IRS was wrongful because he is not obligated to pay federal income taxes. *See generally* Dkt. 19.

## II.  STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. In considering a Rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *See E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, a court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

---

[1] Plaintiff's Opposition includes argument in support of a Motion for Summary Judgment, which was filed separately by Plaintiff on January 21, 2021. Dkt. 18. Because the Court finds that Defendant's Motion should be granted and that this case should be dismissed with prejudice and without leave to amend, it need not address the arguments contained in Plaintiff's Motion for Summary Judgment.

"Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc.*, 213 F.3d at 180 ("While we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . . Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."). Finally, *pro se* complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Alley v. Yadkin County Sheriff Dep't*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III.   ANALYSIS

Defendant argues that it had a mandatory obligation to comply with the IRS Notice of Levy under 26 U.S.C. § 6332(c), which provides that a bank must "surrender any deposit the taxpayer has at the banking institution up to the amount of the levy." Once it had complied with that obligation, Defendant argues that 26 U.S.C. § 6332(e) completely shielded it from liability to Plaintiff:

> **(e) Effect of honoring levy**.
>
> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e) (emphasis in original).

Plaintiff responds to Defendant's argument by making several convoluted and meandering arguments, most remarkably that he is not required to pay federal income taxes because, although he alleges that he resides in Virginia, Dkt. 1 at 2, he is a "nonresident alien who is neither a U.S.

3

citizen nor a resident of the Unites States[.]" Dkt. 19 at 4.  Plaintiff also appears to argue that Defendant "wrongfully" surrendered his account to the IRS, citing 26 C.F.R. § 301.6332-1(c)(2)-(3) and 26 U.S.C. § 7426.  The regulations cited by Plaintiff provide, in relevant part, that:

> (2) **Exception for certain incorrectly surrendered property**.  Any person who surrenders to the Internal Revenue Service property or rights to property not properly subject to levy in which the delinquent taxpayer has no apparent interest is not relieved of liability to a third party who has an interest in the property.
>
> (3) **Remedy**.  In situations described in paragraphs (c)(1) and (c)(2) of this section, taxpayers and third parties who have an interest in property surrendered in response to a levy may secure from the Internal Revenue Service the administrative relief provided for in section 6343(b) or may bring suit to recover the property under section 7426.

26 C.F.R. § 301.6332-1(a)(2)-(3) (emphases in original).

Plaintiff also cites 26 U.S.C. § 7426(a)(1) and (h)(1) in support of his argument that he may state claims against Defendant for wrongfully surrendering his account to the IRS.  Those statutory sections, contained under the heading "Civil actions by persons other than taxpayers," provide in relevant part:

> (a)(1) **Wrongful levy**.
>
> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.
>
> ***
>
> (h) **Recovery of damages permitted in certain cases.**
>
> (1) Notwithstanding subsection (b), if, in any action brought under this section, there is a finding that any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregard any provision of this title the defendant shall be liable to plaintiff[.]

26 U.S.C. § 7426(a)(1), (h)(1) (emphases in original).

4

The regulations and statutory provisions Plaintiff cites are of no help to his effort to state claims against Defendant. To begin, the text of 26 C.F.R. § 301.6332-1(c)(2) makes clear that the regulation cannot apply to Plaintiff because he has an interest in the property that was surrendered to the IRS. Indeed, Plaintiff previously filed suit against the IRS seeking the "return" of the funds and filed an affidavit in this case stating that the funds belonged to him. Dkt. 20 at 3; *Nicholson v. Comm'r*, Tax Ct. No. 16609-17 (U.S. Tax Ct. Mar. 5, 2018), *aff'd*, 731 Fed. Appx. 235 (4th Cir. July 23, 2018). Even if Plaintiff could state a claim under the regulation, § 301.6332-1(c)(3) makes clear that recovery must be sought "from the Internal Revenue Service." As to the statutory provisions cited by Plaintiff, § 7426(h)(1) applies to cases against the IRS, not the bank that complied with the Notice of Levy. Similarly, § 7426(a)(1) contemplates individual property owners "other than the taxpayer," and provides that those property owners may bring a civil action "against the United States."[2]

All of the claims in the Complaint stem directly from Defendant's surrender of Plaintiff's bank account to the IRS in response to the Notice of Levy, which Plaintiff attached to the Complaint. *See* Fed. R. Civ. P. 10(c) ("[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."); *Tellabs, Inc.*, 551 U.S. at 322 (recognizing that, when ruling on a 12(b)(6) motion, a court may examine documents incorporated into the complaint by reference). As Defendant correctly argues, after it complied with its obligation to surrender Plaintiff's property to the IRS, it was immune from liability to

---

[2] Plaintiff's opposition cites additional regulations dealing with bank deposits outside the United States, 26 C.F.R. § 301.6332-1(a)(2), as well as 26 C.F.R. § 1.104-1(a), which describes a taxable exclusion for gross income with respect to compensatory amounts received for personal injuries. These regulations have no application to the allegations that Defendant wrongfully surrendered Plaintiff's bank account, instead, they appear to relate to Plaintiff's larger contention that he is not subject to federal income taxes.

Plaintiff under § 6332(e). The claims and allegations in the Complaint cannot overcome the liability shield § 6332(e) affords to Defendant, but in any event, it is also clear that Plaintiff's Complaint is, essentially, yet another[3] attack on his obligation to pay income federal taxes. Because the Complaint fails to state any claim upon which Plaintiff is plausibly be entitled to relief, the Court finds that this case should be dismissed.

Defendant also argues that the Court should dismiss this case with prejudice and without leave to amend. Ordinarily, a court should not dismiss a complaint with prejudice without having first provided the plaintiff leave to amend. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). However, in this case, the Court finds that any amendment would be futile because no amendment of the claims and allegations that Defendant should be liable for surrendering Plaintiff's bank account to the IRS could be meritorious. *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (recognizing that *pro se* litigants are entitled to amendment if there is a "potentially meritorious" cause of action). The Court therefore finds that this case should be dismissed with prejudice and without leave to amend.

---

[3] Plaintiff has filed numerous cases in this Court and others regarding his obligation to pay federal income taxes. In 2017, Plaintiff was enjoined from filing any new claims for two years. *Nicholson v. United States Dep't of Treasury*, No. 1:17-cv-00807 (E.D. Va. July 24, 2017) (Ellis, J.); *see also Nicholson v. Daniels*, No. 1:10-cv-168, 2010 U.S. Dist. LEXIS 140425 (E.D. Va. July 12, 2010) (Hilton, J.) (dismissing claims that Plaintiff's income was not taxable and recognizing that he had filed numerous prior complaints against the IRS).

IV.     CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 12) is GRANTED and this case is hereby DISMISSED with prejudice and without leave to amend.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order.  A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court of appeals.  Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
September 23, 2021

_____/s/_____
Rossie D. Alston, Jr.
United States District Judge